NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FREDERICK J. BRUSH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-523-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D.L. STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Frederick J. Brush is a prisoner incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Bush has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2] and a "Motion to Dismiss Indictment" [Record No. 3]. The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

At the outset, the Court notes that this is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court

determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

On February 7, 2002, the United States indicted Brush for violating 18 U.S.C. §2252A(a)(2), aiding and abetting the receipt of child pornography, in the Middle District of Tennessee at Nashville. As Brush was incarcerated by the State of Tennessee at the Riverbend Maximum Security Institution, Tennessee authorities delivered Brush into federal custody on February 28, 2002, for his initial appearance in federal court. Brush was returned to state custody the same day.

Federal authorities again took Brush into custody for his second appearance in federal court on March 13, 2002, again returning him to state custody the same day. Brush appeared in federal court on July 22, 2002, to enter a plea of guilty pursuant to a plea agreement, and for a fourth and final time on February 7, 2003, to appear at his sentencing hearing. Brush was sentenced to a term of incarceration of 71 months' incarceration to run consecutive to his state sentence and to be followed by a five-year term of supervised release with special conditions. *United States v. Brush*, 02-CR-22, Middle District of Tennessee [Record Nos. 1, 3, 4, 8, 10, 33, 34, 44, 45, 47 therein].

Brush filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 on February 17, 2004. In his motion, Brush indicates he challenged his conviction on several grounds, including ineffective assistance of counsel, violation of his due process rights, and violation of the Speedy Trial Act. The trial court denied his motion by Memorandum Opinion and Order dated June 17, 2004. Brush filed a notice of appeal, but the Sixth Circuit denied his application for a certificate

of appealability. *Brush v. United States*, 04-CV-141, Middle District of Tennessee [Record Nos. 1, 12, 13, 18, 21, 27 therein].

In his present habeas corpus petition filed pursuant to 28 U.S.C. §2241, Brush asserts that by twice taking him into federal custody and returning him to the custody of the State of Tennessee without first trying him on the federal charges, the United States violated the Interstate Agreement on Detainers, codified at 18 U.S.C.App. §2, p. 692, and, therefore, his conviction is void.

## DISCUSSION

A habeas corpus petition filed pursuant to section 2241 is not the appropriate avenue for relief under the circumstances presented here. Typically, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Brush challenges the legality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255.

While Brush's petition does not expressly include an assertion that his remedy under section 2255 "is inadequate or ineffective" to test the legality of his detention, the Court assumes Brush wishes to invoke this Court's habeas corpus jurisdiction under Section 2241 pursuant to the "savings clause" of section 2255. 28 U.S.C. §2255, ¶5. Because Brush alleges that he has not presented his claim in a prior post-conviction motion under section 2255 and been denied relief, the Court must determine whether his remedy under section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). And in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

Brush's claim, that the Interstate Agreement on Detainers was violated because he was returned to the custody of the State of Tennessee before he was tried on the federal charges, is not a claim of "actual innocence" because this assertion, even if true, does not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual

innocence."). Because the claim in Brush's petition raises an issue that could and should have been raised on direct appeal, it does not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Frederick Brush's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 28th day of November, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge